IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02406-GPG

THOMAS P. RANES,

     Applicant,

v.

WARDEN, F.C.I. ENGLEWOOD,

     Respondent.

---

## ORDER OF DISMISSAL

---

     Applicant, Thomas P. Ranes, is in the custody of the Federal Bureau of Prisons,

currently incarcerated at the Federal Correctional Institution in Englewood, Colorado.

On October 29, 2015, Applicant filed, through counsel, an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a supporting Brief (ECF

No. 2) that challenges the constitutionality of 28 U.S.C. § 2255(e) and also the validity of

his conviction and sentence in case 3:06-cr-00041-RRB-1 in the United States District

Court for the District of Alaska.  Applicant has paid the filing fee.

     Pursuant to D.C.COLO.LCivR. 8.1(b)(4), this Court reviews "the pleadings of a

prisoner (whether represented by counsel or not) to determine whether the pleadings

should be dismissed summarily if the prisoner is . . . asserting claims pertinent to his or

her conviction or sentence . . . ."  For the reasons discussed below, the § 2241

application will be dismissed.

**I.  Background**

On December 15, 2006, Applicant was charged in a Second Superseding

Indictment with:

> Count 1 – Conspiracy to Import 1,000 Kilograms or More of Marijuana,
>    and MDMA or "ecstasy," in violation of 21 U.S.C. §§ 952 and
>    960(a), (b)(1);
> Count 2 – Conspiracy to Distribute and Possess with Intent to
>    Distribute, 1,000 Kilograms or More of Marijuana, in violation of 21
>    U.S.C. §§ 841(a)(1), (b)(1)(A);
> Counts 3-136 – Money Laundering, Attempted Money Laundering,
>    Aiding and Abetting Money Laundering, in violation of 18 U.S.C. §§
>    1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(1)(B)(ii) and 2;
> Counts 137-140 – Money Laundering, in violation of 18 U.S.C. §§
>    1956(a)(2)(B)(i) and 2;
> Count 141 – Criminal Forfeiture (Drug Offenses), pursuant to 21 U.S.C.
>    §§ 853(a)(1), (a)(2);
> Count 142 - Criminal Forfeiture (Money Laundering), pursuant to 18
>    U.S.C. § 982(a)(1) and Rule 32.2(a), Federal Rules of Criminal
>    Procedure.

*United States v. Ranes*, No. 3:06-cr-00041 (D. Alaska), ECF No. 284.

Ultimately, Applicant pled guilty to Counts 1 (marijuana importation

conspiracy), 119 (money laundering), and 137 (international money laundering).

(*Id.*, ECF No. 719 and 721).  A few months later, Applicant moved to withdraw

his guilty plea (*Id.* at ECF No. 754), but the District Court denied the motion (*Id.*

at ECF No. 817).  On June 5, 2008, Judge Ralph R. Beistline of the United

States District Court for the District of Alaska sentenced Applicant to 360

months imprisonment and 5 years of supervised release. (*Id.* at ECF No. 849).

Applicant filed a timely notice of appeal with the Ninth Circuit asserting

two claims: (1) the district court erred in denying his motion to withdraw his

guilty plea; and (2) ineffective assistance of counsel.  The Ninth Circuit rejected

both claims on August 31, 2009. *United States v. Ranes*, 344 Fed. App'x. 364

(9th Cir. 2009).  Further, on November 9, 2009, the Ninth Circuit denied

Applicant's Petition for a Panel Rehearing and Petition for Rehearing en banc.

*United States v. Ranes*, No. 3:06-cr-00041 (D. Alaska), ECF No. 1032.

On February 15, 2011, Applicant filed *pro se* a Motion to Vacate, Set

Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in the District Court for

the District of Alaska. *Id.*, ECF No. 1043.  He raised one issue in his § 2255

motion: his guilty plea was unknowing and unintelligent due to ineffective

assistance of counsel.  He was subsequently appointed counsel, who filed an

amended § 2255 motion asserting the same one claim but attaching a sworn

affidavit from Mr. Ranes. *Id.*, ECF No. 1066.  On January 19, 2012, the district

court denied Applicant's § 2255 motion. *Id.*, ECF No. 1083.  Applicant's habeas

counsel filed a timely notice of appeal. *Id.*, ECF No. 1083. However, neither the

district court nor the court of appeals granted a certificate of appealability. *Id.*,

ECF Nos. 1095 and 1109.

The instant action was commenced on October 29, 2015, and Applicant asserts

three claims in support of his § 2241 application: (1) the "savings clause" of 28 U.S.C.

§ 2255(e) is unconstitutionally vague; (2) alternatively, § 2255 is "inadequate or

ineffective" when a federal prisoner is denied § 2255 relief as a result of ineffective

assistance of habeas counsel; and (3) Ranes' substantive claim for relief -- § 2255

counsel provided ineffective assistance resulting in the denial of Ranes' § 2255 motion

wherein Ranes claimed that his guilty plea was not knowingly and intelligently entered

into. (ECF No. 1).

## II. Analysis

### A. Constitutionality of Section 2255(e)

Applicant argues that the savings clause of 28 U.S.C. § 2255(e) is unconstitutionally vague.  A federal prisoner may challenge the legality of his underlying conviction by filing a habeas petition under 28 U.S.C. § 2255. *Brace v. United States*, 634 F.3d 1167, 119 (10th Cir. 2011).  A § 2255 motion must be filed with the sentencing court. *See* 28 U.S.C. § 2255(a).  Applicant was sentenced in the District of Alaska and he has pursued a § 2255 motion there, but it was denied.  Prisoners are usually given only one chance to have a § 2255 petition considered on the merits. *See* 28 U.S.C. § 2244; *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir.2011).  One of the main purposes in enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), was to ensure a greater degree of finality for convictions.

However, section 2255(e) provides an additional opportunity for federal prisoners to challenge a conviction in certain limited circumstances.  Section 2255(e) is the so-called "savings clause" of § 2255, which allows a federal prisoner to file a § 2241 application to challenge the legality of his conviction if the remedy by § 2255 motion is "inadequate or ineffective" to test the legality of an applicant's detention. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). Section 2241 applications must be made in the district where the applicant is confined. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

In this case, Applicant is challenging the legality of his conviction by pursuing a § 2241 application in this court because although he was convicted in the District of

Alaska, he is currently incarcerated in Colorado. *See Atkins v. Garcia*, 816 F. Supp.2d

1108, 1110 (D. Colo. 2011). The only way to proceed with a § 2241 application to

challenge a conviction is through the § 2255(e) savings clause.

    The narrow reading of the savings clause is well established in the Tenth Circuit.

*See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).  Rarely is a remedy

inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169

(citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a

§ 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see*

*also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available

pursuant to § 2255 is inadequate or ineffective only in "extremely limited

circumstances.") .

    In *Prost*, the Court stated the question is "whether a petitioner's argument

challenging the legality of his detention could have been tested in an initial § 2255

motion." 636 F.3d at 584.  Section 2255 is not considered inadequate or ineffective

merely because the result of a § 2255 petition is unsuccessful. *Prost*, 636 F.3d at 584–

85. "[T]he mere fact [the movant] is precluded from filing a second § 2255 petition does

not establish that the remedy in § 2255 is inadequate." *Caravalho*, 177 F.3d at 1179.

Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent"

before a petitioner may properly file a § 2241 petition. *Prost*, 636 F.3d at 588. For

example, the savings clause may be met when the original sentencing court has been

abolished or dissolved and the petitioner has nowhere to file a § 2255 petition. *See*

*Prost*, 636 F.3d at 588; *see also Caravalho*, 177 F.3d at 1178 (listing cases).

While the Tenth Circuit has specifically stated that "a showing of actual innocence is irrelevant," it has raised and left open the question that there might be a case where an applicant should be allowed to "proceed to § 2241 when the application of § 2255(h)'s bar against a second or successive motion for collateral review would seriously threaten to render the § 2255 remedial process unconstitutional." *Prost*, 636 F.3d at 593 (citing *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997) (savings clause may be triggered where "the failure to allow for collateral review would raise serious constitutional questions"); *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)("Were no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue.")). Further, the Tenth Circuit has recognized that "a fundamental miscarriage of justice" exception allows courts to grant federal habeas relief in spite of procedural bars—such as the bar on second and successive § 2255 motions—where a constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Lee v. Oliver*, No. 14-1287, 574 Fed. Appx. 846, 846-48 (10th Cir. Sept. 3, 2014) (citations omitted); *Brown v. Berkebile*, 572 Fed. Appx. 605, 608-09 (10th Cir. 2014); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) ("[H]abeas courts [have discretion] to see that federal constitutional errors do not result in the incarceration of innocent persons.")). However, when assessing the fundamental miscarriage of justice exception, the Tenth Circuit has held that the prisoner must show, under *Prost*'s savings clause test, that the actual innocence claims in the § 2241 application could not have

been tested in an initial § 2255 motion. *Lee*, 636 F.3d at 584; *Brown v. Berkebile*, 572 Fed. Appx. 605, 608-09 (10th Cir. 2014).

The petitioner bears the burden of showing that the opportunity to seek a remedy under § 2255 is inadequate or ineffective. *Brace*, 634 F.3d at 1169. If the petitioner fails to do so, the court lacks jurisdiction to consider the petition on the merits. *See id.* at 1170.

Here, Applicant is apparently aware of the Tenth Circuit's narrow reading of the savings clause and, therefore, he is trying to get around the binding *Prost* precedent by arguing that the savings clause is unconstitutionally vague. Applicant discusses the splits among the circuits in their differing interpretations of the savings clause. (ECF No. 2 at 4-10). Then, Applicant argues that the recent United States Supreme Court holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015) reinforces the unconstitutionality of the savings clause. (*Id.* at 12). In *Johnson*, the Supreme Court declared the "residual clause" of the Armed Career Criminal Act (ACCA) unconstitutionally vague. According to Applicant, the *Johnson* court established the following criteria for gauging a statute's vagueness:

(1) "repeated attempts and repeated failures to craft a principled and objective standard;"

(2) "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider;" and

(3) "indeterminacy" that leaves "grave uncertainty" about how to apply a provision.

(ECF No. 2 at 12) (citing *Johnson* 135 S. Ct. at 2558, 2560).

Applicant argues there is no practical, legal difference with the unconstitutional vagueness the Supreme Court found in the ACCA "residual clause" and the vague

"inadequate or ineffective" language found in § 2255(e). (ECF No. 2 at 12-13).  The Court is not persuaded.

The *Johnson* court was analyzing whether a criminal statute was constitutionally vague, which is far different than the habeas review statute at issue here.  The *Johnson* Court noted that Supreme Court precedent establishes that the Government violates the Fifth Amendment due process clause "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 135 S. Ct. at 2556 (citation omitted).  These principles apply to criminal statutes and to statutes fixing sentences. *Id.* at 2557 (citation omitted).

In this case, however, there is not a criminal or sentencing statute at issue.  Rather, it is a habeas statute, where the applicant has already been convicted and sentenced under separate – arguably not vague – statutes.  Applicant provides no caselaw or support for extending such principles to the habeas statute.  Indeed, the habeas review statute does not "take away" someone's life, liberty, or property, but instead provides an opportunity for an additional review of a final judgment of conviction.  The savings clause purpose is to ensure that there is an "adequate and effective" opportunity for that additional review.  Due process does not establish a right to collateral review and relief of a final judgment of conviction. *United States v. Surratt*, 797 F.3d 240, 266-267 (4th Cir. 2015)(citing *United States v. MacCollom*, 426 U.S. 317, 323, 96 S. Ct. 2086, 48 L. Ed. 2d 666 (1976) (plurality opinion) ("The Due Process Clause of the Fifth Amendment . . . certainly does not establish any right to collaterally attack a final judgment of conviction."); *Herrera v. Collins*, 506 U.S. 390, 399, 113 S. Ct.

853, 122 L. Ed. 2d 203 (1993); *cf. Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987)).  At some point, a final judgment of conviction must become final.

Also noteworthy is that Applicant does not assert an actual innocence claim or argue that there is a "fundamental miscarriage of justice," which the Tenth Circuit has alluded *might* present potential constitutional concerns. *Prost*, 636 F.3d at 593; *Lee*, 574 App'x at 846-48.  As such, the circumstances of Applicant's case fail to demonstrate that the savings clause is unconstitutionally vague.

**B.      Ineffective Assistance of Habeas Counsel**

Next, Applicant argues that he should be able to challenge his conviction under the savings clause because he received ineffective assistance of habeas counsel, which made relief under § 2255 "inadequate or ineffective."  The Court disagrees.

For cases within this Circuit, "*Prost* establishes a straightforward test for determining when the savings clause applies: a prisoner can only bring a petition under § 2241 when his arguments 'could [not] have been tested in an initial § 2255 motion." *Barnett v. Maye*, 602 Fed. App'x 717, 719 (10th Cir. 2015)(citation omitted).  It is entirely clear that Applicant's claim of ineffective assistance of counsel could have been tested in his initial § 2255 motion because in fact, it *was* tested in his initial § 2255 motion. Applicant asserted that ineffective assistance of counsel resulted in him making an unknowing and unintelligent guilty plea. *See United States v. Ranes*, No. 3:06-cr-00041 (D. Alaska), ECF Nos. 1043, 1066.  Now, however, Applicant argues that because he received ineffective assistance of habeas counsel, the § 2255 remedy was "inadequate or ineffective."

In support of his argument that § 2255 relief is "inadequate or ineffective" when a federal prisoner receives ineffective assistance of habeas counsel, he cites to two Supreme Court cases that held ineffectiveness of state habeas counsel may excuse a procedural default for an ineffective assistance of counsel claim in the context of federal habeas corpus proceedings.  (ECF No. 2 at 13-14 (citing *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013)).  The *Martinez* Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.   The *Trevino* Court clarified that the *Martinez* rule also applied to states in which it was "virtually impossible," as a practical matter to assert an ineffective assistance claim before collateral review. *Trevino*, 133 S. Ct. at 1915.  The *Martinez* case addressed circumstances in which ineffective assistance of counsel in a state habeas proceeding may excuse a procedural bar to pursuing a federal habeas claim.  The *Martinez* Court wanted to ensure that prisoners have one opportunity to present an ineffective assistance of trial counsel claim, whether it be on direct appeal, collateral review, or federal habeas review. *See Martinez*, 132 S.Ct. at 1319-20. However, the Court was careful not to hold that individuals have a constitutional right to effective assistance of counsel in presenting the claim on collateral review. *See id*.; *see also Halvorsen v. Parker*, 2012 U.S. Dist. LEXIS 164559, 8-9 (E.D. Ky. Nov. 19, 2012). The Supreme Court characterized its decision in *Martinez* as an "equitable ruling," and

not a constitutional one. *Martinez*, 132 S.Ct. at 1319; *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012).

Unlike the applicants in *Trevino* and *Martinez*, Mr. Ranes' ineffective assistance of counsel claim was not denied as procedurally defaulted.  Rather, a federal court considered and denied his ineffective assistance of counsel claim on the merits.  As such, the circumstances are markedly different than those of the state prisoners in *Trevino* and *Martinez. See United States v. Sua*, 2013 U.S. Dist. LEXIS 103732 (D. Haw. July 24, 2013) ("The *Martinez* case, moreover, does not apply to federal convictions, such as Defendant Sua's conviction here.").  Furthermore, the Martinez court specifically characterized its ruling as "equitable," and did not create a constitutional right to effective assistance of habeas counsel. *Martinez*, 132 S.Ct. at 1319; *Buenrostro*, 697 F.3d at 1140. Therefore, the holdings of *Martinez* and *Trevino* do not apply to this case.

This Court is bound by the Tenth Circuit's binding precedent in *Prost. See United States v. Spedalieri*, 910 F.2d 707, 709 (10th Cir. 1990) **(**"A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits.").  Under *Prost*, the Court finds that Mr. Ranes  has failed to satisfy his burden of demonstrating that the remedy available pursuant to § 2255 in the sentencing court was inadequate or ineffective. As a result, the application will be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013).

## III.  Conclusion

Applicant has failed to demonstrate that he lacks an adequate and effective remedy under § 2255 and, therefore, this court lacks jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013). As a result, the § 2241 Application will be dismissed without prejudice for lack of statutory jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for lack of statutory jurisdiction because Applicant fails to demonstrate that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __4th__ day of __December__, 2015.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court